THE SECURITIES COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CLINCHFIELD SECURITIES COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 40553, 40554. Promulgated February 2, 1932.

*Winthrop H. Kellogg, Esq.*, for the petitioners.
*W. F. Gibbs, Esq.*, for the respondent.

450

452

OPINION.

TRAMMELL: This proceeding has been submitted upon a stipulation of facts including a copy of the " Plan and Agreement of Reorganization." We have set forth as paragraph 20 of the findings of fact pertinent provisions of said plan. Paragraph 19 of the stipulation as set forth in our findings consists of a computation made and submitted by the petitioners to the respondent as a proposed basis for a settlement of these proceedings.

In the consolidated return the petitioners took a deduction of $40,882.50 as a loss on the sale of the 3,000 shares of the common stock of the Missouri Pacific Railroad Company in 1924. In the proposed basis for settlement submitted to the respondent they computed the amount of the loss at $34,458.47. In their brief they contend that they are entitled to deduct a loss of $42,106.57 or an additional amount of $1,224.07 in excess of the deduction taken in the return. The respondent contends that the petitioners not only did not sustain any deductible loss on the sale of the stock in 1924, but realized a profit of $10,117.50.

Pertinent provisions of the Revenue Act of 1924 are as follows:

SEC. 202. (a) Except as hereinafter provided in this section, the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom *over the basis provided in subdivision (a) or (b) of section 204,* and the loss shall be the excess of such basis over the amount realized. [Italics supplied.]

\*     \*     \*     \*     \*     \*     \*

SEC. 203. (a) Upon the sale or exchange of property the entire amount of gain or loss, determined under section 202, shall be recognized, except as hereinafter provided in this section. (b) * * * (2) No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

*     *     *     *     *     *     *

SEC. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

*     *     *     *     *     *     *

(6) If the property was acquired upon an exchange described in subdivision (b), (d), (e), or (f) of section 203, the basis shall be the same as in the case of the property exchanged, decreased in the amount of any money received by the taxpayer and increased in the amount of gain or decreased in the amount of loss to the taxpayer that was recognized upon such exchange under the laws applicable to the year in which the exchange was made.. * * *

It is thus seen that section 202 provides the method for computing gains or losses while section 203 provides what gains or losses shall be recognized for purposes of taxation under the Act. Section 204 provides the basis upon which gains or losses shall be computed under section 202.

The parties have stipulated that in 1909 the Securities Company purchased 4,000 shares of the capital stock of the Missouri Pacific Railway Company at an average cost of $70.36875 per share, or at a total cost of $281,475. On June 11, 1913, the Securities Company purchased an additional 1,000 shares of the capital stock of the Missouri Pacific Railway Company at $26⅛ per share, or at a total cost of $26,125.

Sometime in 1913 and subsequent to June 11, the Securities Company sold 1,000 shares of the stock of the Railway Company for $30,467.50. Since the 1,000 shares thus sold were not identified, it becomes necessary to apply the rule of "first in, first out" and to hold that the shares were part of the purchase made in 1909. *George W. Megeath*, 5 B. T. A. 1274; *David Stewart*, 17 B. T. A. 604.

As a result of the foregoing transaction the Securities Company owned, at the time of the reorganization of the Missouri Pacific Railway Company, 3,000 shares of the stock of that company which were purchased in 1909 at a cost of $70.36875 per share, or a total cost of $211,106.25, and had a market value of $37.75 per share, or a total market value of $113,250 on March 1, 1913. The Securities Company also owned the 1,000 shares of stock purchased on June 11, 1913, at a cost of $26,125.

Pursuant to the plan of reorganization the Securities Company paid to the "Readjustment Managers" an amount equal to $50 per share of stock held in the old Railway Company. In the stipulation

submitted by the parties it is stated that such payment was an assessment. The other evidence in the record however is inconsistent with this stipulation and shows that it was not an assessment. The " Plan and Agreement of Reorganization " shows that the deposit of stock with the depositaries or subdepositaries, and the payment of the amount of $50 per share of stock so deposited as provided therein was purely voluntary on the part of the stockholders of the Missouri Pacific Railway Company. The stockholders were free to elect whether they would participate in the reorganization. But in order to participate in the reorganization under the plan and agreement it was necessary for the stockholders to deposit their stock and to make the payment required by such plan and agreement. Instead of there being a mere exchange of stock in the old company for common stock in the new company and cash for bonds, the two were inseparable. The stockholders had to turn in their stock in the old company plus $50 per share and received in return therefor an equal number of shares of common stock in the new company and bonds of the new company of a par value equal in amount to the cash paid.

The petitioners contend that the profit or loss from the sale of the stock in 1924 is to be computed under the provisions of section 204 (a) (6) of the Revenue Act of 1924, since the transaction in 1917 whereby the common stock and bonds in the new company were acquired for stock in the old company plus the cash payment comes within the provisions of section 203 (b) (2) of that act. The respondent contends that the provisions of section 204 (a) (6) are not applicable, for the reason that the transaction in 1917 does not come within any of the subdivisions (b), (d), (e), or (f) of section 203, because the Securities Company gave stock and cash for stock and bonds.

In our opinion the respondent's contention is correct. The provisions of section 204 (a) (6) are applicable only if the property sold was acquired upon an exchange described in subdivision (b), (d), (e), or (f) of section 203. The petitioners do not contend that the transaction in 1917 comes within the provisions of the subdivisions (d), (e), or (f) of section 203. They contend that the transaction was one whereby 4,000 shares of common stock in the new company and $200,000 principal amount of its bonds were received in exchange for 4,000 shares of stock in the old company, thereby bringing the transaction within subdivision (b) of section 203. This subdivision deals with an exchange, pursuant to a plan of reorganization, of stock or securities in a corporation a party to the reorganization *solely* for stock or securities in the same corporation or in another corporation a party to the reorganization. From what has been said heretofore, we think it is clear that the transac-

tion in 1917 in which stock in the old company and cash were exchanged for common stock and bonds in the new company was not an exchange of stock or securities *solely* for stock or securities within the intendment of subdivision (b) of section 203. A cash payment being involved, the transaction was one outside the provisions of the subdivision. The transaction in 1917 not coming within the provisions of subdivision (b) of section 203 or subdivisions (d), (e) or (f), the profit or loss from the sale in 1924 may not be computed under the provisions of section 204 (a) (6), as contended for by the petitioners.

The Revenue Act of 1916, as amended by the Revenue Act of 1917, provides as follows:

SEC. 10. (a) That there shall be levied, assessed, collected, and paid annually upon the total net income received in the preceding calendar year from all sources by every corporation * * * a tax of two per centum upon such income; * * *

\* \* \* \* \* \* \*

For the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition by a corporation * * * of property, real, personal, or mixed, acquired before March first, nineteen hundred and thirteen, the fair market price or value of such property as of March first, nineteen hundred and thirteen, shall be the basis for determining the amount of such gain derived or loss sustained.

SEC. 12. (a) In the case of a corporation * * * such net income shall be ascertained by deducting from the gross amount of its income received within the year from all sources—

\* \* \* \* \* \* \*

Second. All losses actually sustained and charged off within the year and not compensated by insurance or otherwise * * *.

The respondent contends that the exchange in 1917 of stock in the old company and money for common stock and bonds of the new company was a closed transaction in that year in so far as taxable gain or deductible loss resulted from the disposition of the stock is concerned.

With this view we agree. There is no provision in the Revenue Act of 1916 for the postponement of the determination of gain or loss on the sale or other disposition of securities. Under that act the transaction in 1917 gave rise to gain or loss. In the case of *Marr* v. *United States*, 268 U. S. 536, the court held that where a new corporation was organized to take over the assets and assume the liabilities of an old corporation and acquired the stock of the old corporation in exchange for its own stock, the difference between the cost of the old stock and the value of the new constituted a taxable transaction under the Revenue Act of 1916. Following this principle, when the stockholders gave up their old stock and cash for new stock and bonds, they realized a taxable profit or

sustained a deductible loss on the disposition of their old stock. This profit or loss was the difference between the fair market value of what they received, to wit, the fair market value of the bonds and new stock on the day they were entitled to receive them, and the cost or March 1, 1913, value of the old stock, plus $50 per share. Since in this transaction the fair market value of the bonds and the fair market value of the new stock on the date the old stockholder was entitled to receive them were the amounts to be used to determine the amount of gain or loss from the disposition of the old stock, it is necessary in any subsequent disposition of the bonds or the new stock to use this same fair market value as the basis for gain or loss upon the disposition of these securities, so that there will not be a duplication of gain or loss. *Alden Anderson*, 19 B. T. A. 371; *Paul A. Staley*, 15 B. T. A. 625; Regulations 45, art. 1564. We must, therefore, determine the date upon which the exchange of the old stock was consummated so that the petitioner was entitled to receive the bonds and new stock. The petitioner did not make its final payment under the plan of reorganization until August 22, 1917, and it was not entitled to receive the new securities until that date. But on that date it made the final payment and it actually received the new securities. In our opinion the exchange of the old stock was consummated on this date, and the fair market value of the new securities on this date is the basis to be used in computing the gain or loss on the later sale of 3,000 shares of the new common stock received by the petitioner on this date. It has been stipulated that on this date the new common stock sold for 27¾–29¼. The average of these figures is $28.50, which we accept as being the fair market value. The Commissioner erred in using a basis of $28 per share.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*